In re Bert Allen **HILMER**, Debtor.

Bankruptcy No. 81–01364–BKC–JJB.

United States Bankruptcy Court,
E.D. Missouri, E.D.

Aug. 23, 1989.

A. Thomas DeWoskin, St. Louis, Mo., Trustee.

Curtis L. Mann, Clayton, Mo., for Trust-ee.

Steven M. Hamburg, St. Louis, Mo., for debtor.

## ORDER

JAMES J. BARTA, Chief Judge.

The Attorney for the Trustee has filed an Application for Allowance of Additional Attorneys Fees for services rendered in this Chapter 7 case. The Applicant had previously been allowed the sum of $5,000.00 as interim compensation. The total fees requested to date is $17,337.00 (including the allowed interim fees). The Application being considered here includes a request for the allowance of those interim fees which had not been granted in the earlier request. Upon a review of both Applications and having considered the record as a whole, the Court has determined that certain services listed by the Applicant are either not compensable or may be allowed only at a reduced rate.

 To the extent that the Applications include requests for compensation of services rendered by the Trustee, such requests must be denied. The Trustee's fees are determined separately according to the scheme set out at 11 U.S.C. § 326. (See line items listed at 6/4/84 and 6/22/84). The Applicant's appearances at Court hearings on his fee application when no objections have been presented will not be compensated at the requested rate in this case. (See items listed at 11/6/84).

 All services described in the Interim Fee Application filed on July 30, 1984, were rendered by the Attorney/Applicant. The Court has determined, however, that some services are more properly the duty of the Trustee, or are administrative in nature and, therefore, not compensable at the attorney's requested rate. These matters include: assembling and copying documents; filing UCC statements; opening a certificate of deposit; filing suit papers; serving summonses; and several conferences with the Trustee and other members of the Applicant's law firm.

 The Interim Fee Application also included a statement that, "Certain compensation has been paid to your Applicant as attorney for the holder of the Deed of Trust being foreclosed upon by the Trustee, such compensation being paid by Roberts, the maker of the Deed of Trust. The time spent in that foreclosure matter is not included in this application." In response to a subsequent Court order, the Applicant submitted a letter dated November 12, 1984, which explained that his law firm had been paid the sum of $1,734.65 "for services rendered to trustee under deed of trust." The Trustee under the Deed of Trust also received a fee in the amount of $25.00. Although the Applicant has suggested that these sums were not paid out of the Bankruptcy estate, this type of arrangement for compensation without application and notice, and absent an order of the Court is a serious departure from the standards imposed upon professional persons by the Bankruptcy Code.

For services rendered in his or her official capacity, a professional person in a Bankruptcy case may be compensated *only* from assets of the estate. This limitation is based upon the scrupulous good faith and candor required by a fiduciary,[1] and upon the proscriptions established by Federal law.[2]

The Applicant as Trustee under the Deed of Trust was rendering a service on behalf of the Trustee in Bankruptcy in this matter. He was assisting in the administration of an asset of the estate, specifically the foreclosure of a lien of a deed of trust which secured a note payable to the Bankruptcy Trustee. Therefore, the Applicant may be compensated for these services rendered in his official capacity only after notice and hearing and judicial review.

1. See, *Black's Law Dictionary,* Abridged Fifth Edition, 1983, definition of Fiduciary at page 320.

2. Compensation and reimbursement of professional persons is allowed after notice and hearing and judicial review pursuant to 11 U.S.C. § 330. Interested parties may not agree to fix fees in connection with a case under Title 11 pursuant to 18 U.S.C. § 155.

The Court is cognizant of some of the difficulties encountered by the Trustee and his attorney in administering this case. These difficulties and the sizeable distributions which will be available here are being considered favorably in this fee determination. Therefore,

IT IS ORDERED that Curtis L. Mann is allowed the sum of $10,602.00 as reasonable compensation for the services rendered to the Trustee in this case.